In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-470 CV


____________________



IN RE CHEVRON PHILLIPS CHEMICAL COMPANY LP






Original Proceeding






 MEMORANDUM OPINION 


 Relator, Chevron Phillips Chemical Company LP, seeks a writ of mandamus requiring
the trial court to vacate an order that compelled production of a memorandum prepared by
one of Chevron's attorneys. A failed real estate transaction resulted in the underlying action
for breach of contract and fraud. Real party in interest, Kingwood CrossRoads, L.P., sought
production of a confidential research memorandum prepared by an associate of the law firm
representing Chevron in the transaction. Because we conclude that Chevron has not waived
the attorney-client privilege and that the document is not subject to production on this record,
we conditionally grant mandamus relief.

 Kingwood contends the trial court has discretion to order production of a writing used
to refresh memory for the purpose of testifying. Rule 612 provides that writings used to
refresh a witness's memory may be discoverable "[i]f a witness uses a writing to refresh
memory for the purpose of testifying, . . . before testifying, in civil cases, if the court in its
discretion determines it is necessary in the interests of justice . . . ." When discoverable, Rule
612 entitles an adverse party "to have the writing produced at the hearing, to inspect it, to
cross-examine the witness thereon, and to introduce in evidence those portions which relate
to the testimony of the witness." Tex. R. Evid. 612. 

 While Rule 612 generally deals with writings used to refresh recollection, in this
instance the writing in question is also privileged. See Tex. R. Evid. 503(b)(1)(E) ("A client
has a privilege to refuse to disclose and to prevent any other person from disclosing
confidential communications made for the purpose of facilitating the rendition of
professional legal services to the client . . . among lawyers and their representatives
representing the same client."). Rule 503, not Rule 612, describes the circumstances under
which a document subject to the attorney-client privilege is subject to disclosure. See Tex.
R. Evid. 503, 612. Kingwood does not contest the privileged nature of the memorandum,
but contends Chevron waived its attorney-client privilege. According to Kingwood, the
memorandum refers to a certain document and establishes that Chevron possessed that
document on an earlier date than admitted by Chevron through its witnesses and in its
discovery responses. The witness referred to by Kingwood testified that he did not recall
whether they had a copy of the document when he helped draft a second memorandum. 
Chevron amended the discovery response referred to by Kingwood, and admitted its counsel
possessed the document in question ten days before the date of the first research
memorandum. Therefore, the memorandum is not inconsistent with Chevron's discovery
responses.

 Kingwood also contends that Chevron waived its attorney-client privilege through
voluntary disclosure of a significant part of the memorandum in a second memorandum that
counsel distributed to a third party. See Tex. R. Evid. 511. Kingwood argues that because
the disclosed memorandum was based upon the privileged memorandum, Chevron waived
its privilege. Kingwood fails to distinguish between using core attorney work product to
prepare a document for dissemination to third parties and disclosing the privileged document
itself. Chevron did not voluntarily disclose any part of the memorandum at issue in this case.

 Kingwood claims that Chevron waived its attorney-client privilege through offensive
use of at least part of the memorandum. Offensive-use waiver of attorney-client privilege
requires that: (1) the party asserting the privilege is seeking affirmative relief; (2) the
privileged information sought must be outcome determinative of the cause of action asserted;
and (3) disclosure of the confidential communication must be the only means by which the
aggrieved party may obtain the evidence. Republic Ins. Co. v. Davis, 856 S.W.2d 158, 163
(Tex.1993) (orig. proceeding). According to Kingwood, the memorandum's importance
arises not from the legal position taken by Chevron but from the chronology the
memorandum reveals. Kingwood argues Chevron should not be allowed to claim that
Chevron's change in position was based on new information if the memorandum will show
that Chevron already had the document in its possession. Chevron admitted in written
discovery responses that it had possession of the document on the date of the memorandum. 
Thus, production of the memorandum is not the only means through which Kingwood may
obtain the evidence it claims is outcome determinative of Chevron's claims.

 In this case, the deposed witness did not use the memorandum in a manner that waived
Chevron's attorney-client privilege. Chevron did not voluntarily disclose the memorandum
to third parties. Finally, disclosure of the memorandum is not the only means by which
Kingwood can establish that Chevron possessed relevant documents at a particular time. 
Here, neither the Rules of Evidence nor the offensive-use doctrine allow discovery of the
research memorandum by the opposing party. Under these circumstances, the trial court
abused its discretion in ordering production of a privileged document. 

 We conditionally grant mandamus relief and will issue the writ only if the trial court
does not vacate its order of October 16, 2006. All pending motions are denied as moot. 

 WRIT CONDITIONALLY GRANTED.

 PER CURIAM


Submitted October 24, 2006

Opinion Delivered October 25, 2006

Before McKeithen, C.J., Gaultney and Horton, JJ.